(120 App. Div. 74)

### BOWRON et al. v. KENT et al.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

WILLS—ADVANCES—CONTRACTS.

    Defendant withdrew opposition to the probate of the will of testatrix's husband, and in consideration thereof testatrix agreed that out of the property coming to her under the will she would place a certain sum in trust, the income thereof to be paid to testatrix during her life, and on her death the principal to be paid to defendant. The agreement further provided that, if on the death of testatrix any share of her estate should pass to defendant, the value or benefit of the trust should be treated as an advance on account of such share. Testatrix in her will bequeathed part of her estate in trust to the life use of defendant, with remainder to the latter's children, if any, and also devised a portion of her residuary estate to those who by law would inherit real estate from her in case she died intestate, and defendant as heir of her mother, testatrix's sister, who predeceased testatrix subsequent to the making of the agreement and of the will, received a portion of the estate under this latter clause. *Held,* that the sum placed in trust and afterwards paid defendant was to be considered as an advancement as to the portion of the estate which defendant took as heir of her mother, but not such as to the part bequeathed defendant for life.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1957.]

Appeal from Special Term.

Action by Clara A. Bowron and others, individually and as executors, etc., against Sara H. Kent, individually and as executrix, and others. From the judgment (100 N. Y. Supp. 768), plaintiffs appeal. Modified.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Augutus N. Hand, for appellants.
Joseph F. Daly, for respondents Sara H. Kent and others.
J. Noble Hayes, for respondent Dorothy Kent.

INGRAHAM, J. James H. Banker died on the 10th of February, 1885, leaving a last will and testament, which gave to his wife, Ellen Josephine Banker, the bulk of his estate. Mrs. Banker presented this will for probate to the surrogate of Westchester county. Mr. and Mrs. Banker had no children, but the defendant Sara H. Kent had lived with Mr. and Mrs. Banker from the time she was 12 years of age,

and they had supported, clothed, and educated her. At Mr. Banker's suggestion she adopted the name of Banker, and remained with them until her marriage in 1881 to Rockwell Kent. After Mr. Banker's will had been filed for probate, the defendant Sara H. Kent intervened in the probate proceedings by leave of the surrogate, and answered the petition for probate, alleging that the instrument presented for probate was not the last will and testament of the decedent, but that a prior will should be admitted to probate as the last will of the decedent, in which Mrs. Kent had an interest. Subsequently, by an agreement between Mrs. Banker and Mrs. Kent, the opposition to the probate of Mr. Banker's will was withdrawn. In such agreement it was provided that:

"Second. Out of the property which shall come or belong to Mrs. Banker through or under the said will, she shall place twenty-five thousand dollars with trustees upon trust to apply the net income thereof to her own use during her natural life, and upon the decease of Mrs. Banker to pay over the principal to Mrs. Kent, if living, or if deceased to 'her issue (taking per stirpes) who shall then be living and with or subject to a general and beneficial power or testamentary appointment by Mrs. Kent."

This agreement also contained the following provision upon which the question in this case arises:

"Fourth. In case upon the decease of Mrs. Banker any share of her estate shall pass to Mrs. Kent or her issue, the value or benefit of the said trust to Mrs. Kent and her issue shall be treated as an advance upon account of such share and reckoned accordingly."

In consequence of this agreement, which was dated June 15, 1885, the opposition to Mr. Banker's will was withdrawn, and it was duly admitted to probate on the 29th of June, 1885. On the 5th of August, 1899, Mrs. Banker executed and delivered to the Farmers' Loan & Trust Company, as trustees, a bond for the sum of $25,000, secured by a mortgage upon certain real property, upon trust that the income of the trust fund should be paid to Mrs. Banker during her life, and, upon her decease, the principal of the trust fund should be collected by the trustees and paid over to Sara H. Kent, if living, or, if she is then deceased, to her issue, share and share alike. Subsequent to the death of Mrs. Banker her executors paid to the Farmers' Loan & Trust Company, as trustees, the sum of $25,000, in satisfaction of said bond and mortgage which the trustees paid to the defendant Mrs. Kent.

After the creation of this trust, and on February 20, 1903, Mrs. Banker died, leaving a last will and testament, dated August 6, 1898, which was admitted to probate, which appointed Mrs. Kent an executrix, and which by the fifth clause directed the trustee to divide one-fifth of the testatrix's residuary estate into as many shares as might be necessary, and to allot one of such shares to each of the three children (of which Mrs. Kent was one) of the testatrix's sister, Clara Holgate. The trustees were to receive the rent, income, and profits of each of said shares, and apply the net income realized therefrom to the use of the person for whom the same was so allotted during his or her natural life, and upon the decease of each of them, the share is to be paid over and transmitted absolutely in fee to his or

her living children. In case either of them should die leaving no lawful issue, then the share of the one dying was to be paid over and transferred to the lawful issue of the remaining beneficiaries, and, by the ninth clause, directed one-fifth of the residuary estate to be paid over by the testatrix's trustees or executors "to the same person or persons and in the same shares and proportions as by the laws of the state of New York would inherit real estate from me in case I died intestate."

At the time this will was executed Mrs. Kent's mother, Clara Holgate, was alive, and would have been entitled under the ninth clause of the will to a share of the one-fifth part of the residuary estate devised and bequeathed to the testatrix's heirs at law; but after the making of the will, and before the death of the testatrix, Clara Holgate died, so that upon the death of the testatrix Sara H. Kent became entitled to a share of this residuary estate. The trustees received as principal under the will of Mrs. Banker the sum of $75,433.55 under the fifth clause of the will in trust for Sara H. Kent, with remainder to her children; and under the ninth clause of the will Mrs. Kent would be entitled absolutely to $2/45$ parts of the testatrix's residuary estate. Of that amount the defendant Sara H. Kent has been paid the sum of $11,661.69, and is also entitled to $2/45$ parts of the amount which shall be realized by the trustees upon the sale of the real estate of the testatrix still remaining unsold.

The learned trial court held as a conclusion of law that the devise and bequest of $1/15$ of her residuary estate in trust for the life use of the defendant Sara H. Kent, and the absolute devise and bequest of $2/45$ parts of the residuary estate to the defendant Sara H. Kent, were each absolute and unqualified, and that the value or benefit of the trust provision agreed to be created by agreement between the said Ellen Josephine Banker and Sara H. Kent, dated June 15, 1885, and thereafter created by the instrument of trust executed by the said Ellen Josephine Banker to the Farmers' Loan & Trust Company, bearing date August 8, 1899, was not and is not to be treated as an advance upon the devise and bequest of the $2/45$ parts of the residuary estate to the defendant Sara H. Kent or of the $1/15$ part of said residuary estate for the life use of the said Sara H. Kent or either of them, and that this agreement does not require the said Sara H. Kent to bring the value of benefit of the trust provisions directed to be created by said agreement of June 15, 1885, into hotchpot as part of the estate of the said Ellen Josephine Banker, deceased, or in any way to account for the moneys paid to the said defendant Sara H. Kent by the said Farmers' Loan & Trust Company, the trustee under the said trust instrument of August 8, 1899, or for any part of said money; and the correctness of this conclusion is the only question presented upon this appeal.

To ascertain what was intended by this agreement of June 15, 1885, I think it essential that we should keep clearly in mind the circumstances under which that agreement was executed. Mrs. Banker presented for probate a will of her husband which entitled her to his estate. Mrs. Kent, being in a position to contest that will, interposed objection to its probate, but by an arrangement between Mrs. Banker

and Mrs. Kent the objections were withdrawn, and, in consideration therefor, Mrs. Banker created a trust, by which Mrs. Kent would become entitled to the sum of $25,000 upon Mrs. Banker's death. By this arrangement there was assured to Mrs. Kent upon Mrs. Banker's death the sum of $25,000 out of Mrs. Banker's property, over the ultimate disposition of which Mrs. Banker had no control. Mrs. Kent would, however, upon the death of her mother, be one of Mrs. Banker's next of kin and heirs at law, and, in the event of Mrs. Banker dying intestate after the death of Mrs. Kent's mother, would be entitled to a proportion of Mrs. Banker's real and personal property. There is no evidence that Mrs. Banker had made any will at the time that this agreement of June 15, 1885, was executed, or that Mrs. Banker at that time contemplated making Mrs. Kent a legatee or devisee of any portion of her property. At the time of the execution of this contract, there were two contingencies upon which Mrs. Kent would be entitled to a share in Mrs. Banker's estate upon Mrs. Banker's death—one in the event that Mrs. Banker should die intestate after the death of Mrs. Kent's mother, and the other that Mrs. Banker should make a will bequeathing or devising to Mrs. Kent any portion of her property —and we must assume that the parties to this agreement of June 15, 1885, understood this situation. By this agreement Mrs. Banker undertook to place $25,000 of her property in such a position that Mrs. Kent would be absolutely entitled to it on Mrs. Banker's death. That being the situation, Mrs. Banker and Mrs. Kent agreed that:

"In case upon the decease of Mrs. Banker any share of her estate shall pass to Mrs. Kent or her issue, the value or benefit of the said trust to Mrs. Kent and her issue shall be treated as an advance upon account of such share and reckoned accordingly."

The question is what these parties contemplated when they signed this agreement. If they had only contemplated the contingency of Mrs. Kent being entitled to a distributive share in Mrs. Banker's estate upon her dying intestate, it seems to me that different language would have been used. The agreement is not that, in case Mrs. Kent should receive a portion of Mrs. Banker's estate as heir at law or next of kin, this sum of $25,000 should be deducted from that amount, but that in case upon the decease of Mrs. Banker any share of her estate should pass to Mrs. Kent or her issue. Now, by Mrs. Banker's will a share of Mrs. Banker's estate has passed directly to Mrs. Kent, namely, $2/45$ parts of Mrs. Banker's residuary estate. It passed by will, and not by the intestacy law. But the agreement, as before stated, is not confined to a share of Mrs. Banker's estate that passed under the statute of distributions or as heir at law, but if any share of the estate should pass; and a share of Mrs. Banker's estate has passed. It seems to me quite clear, therefore, that the condition contemplated when this agreement was made has actually happened, and that a share of Mrs. Banker's estate has passed to Mrs. Kent under Mrs. Banker's will. And it seems to follow that under this agreement, by which Mrs. Kent has received the sum of $25,000 upon Mrs. Banker's death, that amount must be considered as an amount advanced to Mrs. Kent "upon account of such share," namely, the share that has passed to Mrs. Kent of Mrs. Banker's property under her will.

I am inclined to agree with the Special Term that the creation of the trust in favor of Mrs. Kent under the fifth clause of the will does not come within the terms of this provision; for it cannot be said that the amount of that trust passed to Mrs. Kent or her issue under the will. Mrs. Kent has a life estate in the income of the trust with a remainder over, which will go to her issue if they survive her, or, if they do not, it will go to others; but I think that the direct bequest to Mrs. Kent under the ninth clause of the will creates the very contingency that was contemplated by this agreement of June 15, 1885, and that this sum of $25,000 must be considered as an advance payment to Mrs. Kent under the ninth clause of the will.

The authorities relied upon by the court below and by the respondents upon this appeal I do not think at all apply, as this is not a case of an advancement by a parent to a child to whom the parent leaves a legacy by a will subsequently executed, when the intention of the testator is to be ascertained only from the provisions of the will, and not from an independent contract upon which the right of the legatee or devisee is to be determined. It may be assumed that if Mrs. Banker had simply advanced a sum of money to Mrs. Kent without any agreement as to its return, so that there was no obligation on behalf of Mrs. Kent to either return the property to Mrs. Banker during her life or, to her estate after her decease, this bequest and devise to Mrs. Kent of a portion of Mrs. Banker's estate would not be subject to any deduction because of such advance or gift, but a trust was created by which Mrs. Kent would be entitled upon Mrs. Banker's death to $25,000 out of Mrs. Banker's property, and as part consideration upon which that trust was created Mrs. Kent had agreed that this should be considered as an advance payment on account of any share of Mrs. Banker's estate which should pass to Mrs. Kent upon Mrs. Banker's death. In view of this express agreement between Mrs. Banker and Mrs. Kent, it was quite unnecessary that Mrs. Banker should refer to the trust in her will, especially as it appears that at the time the will was made Mrs. Kent would not have been entitled to any portion of this residuary estate under the ninth clause of Mrs. Banker's will. It was after the death of Mrs. Kent's mother, subsequent to the execution of the agreement and the will, that Mrs. Kent became entitled to a distributive share of Mrs. Banker's estate.

My conclusion, therefore, is that this agreement should be given effect that Mrs. Kent's interest under the ninth clause of Mrs. Banker's will is subject to the contract, and that Mrs. Kent is only entitled to receive the amount, if any, that is in excess of $25,000, which she has received under this agreement.

The judgment should be modified accordingly, with costs to the plaintiffs and the guardian ad litem payable out of the estate. All concur.